OPINION
{¶ 1} This is an appeal from a judgment of conviction on one count of OMVI after a jury trial subsequent to a denial of a motion to suppress appellant's arrest and an appeal of his ALS.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On August 24, 2003, Patrolman Andrew Burns of the Mount Vernon Police Department was investigating a complaint for telephone harassment at 105 Mansfield Avenue. The complainant claimed that Appellant was calling him and threatening him. While Patrolman Burns was taking this complaint, he was informed by someone at the residence that Appellant had just driven past the residence in his truck.
 {¶ 3} Patrolman Burns left said residence and proceeded to follow Appellant.
 {¶ 4} At no time did Patrolman Burns witness any erratic driving or traffic violations. (T. at 11).
 {¶ 5} However, prior to following Appellant, Patrolman Burns had received a radio transmission notice from the Knox County Sheriff to "be on the lookout for" Appellant's vehicle as a result of a "possibly" intoxicated driver and a "possible" suicide threat. (T. at 6).
 {¶ 6} Based on this radio transmission, Patrolman Burns initiated a stop of Appellant's vehicle to check on Appellant's well being. (T. at 12).
 {¶ 7} Upon stopping appellant's vehicle and ordering Appellant out of the vehicle, Patrolman Burns noticed that Appellant had glassy eyes, was uncoordinated, and exhibited poor balance. Appellant also performed the field sobriety tests poorly.
 {¶ 8} When asked to submit to a chemical breath test, Appellant refused.
 {¶ 9} Another unit arrived on the scene which discovered an unloaded Browining 12 gage shotgun on the front seat partially covered by a blanket.
 {¶ 10} Appellant was arrested and charged with a OMVI, in violation of Mount Vernon City Ordinance § 3.01(A)(1) and improper transportation of a firearm in a motor vehicle in violation of Mount Vernon City Ordinance § 549.04(C).
 {¶ 11} Because of his refusal to submit tot breath test, Appellant was placed under an Administrative License Suspension at the time of his arrest.
 {¶ 12} Appellant filed an appeal to the Administrative License Suspension and a Motion to Suppress Evidence.
 {¶ 13} An oral hearing on the motion to suppress was heard on October 21, 2003. At said hearing, Patrolman Burns testified that he relied on the radio dispatch to stop Appellant.
 {¶ 14} The trial court overruled Appellant's motion to suppress.
 {¶ 15} On January 15, 2004, the matter proceeded to jury trial. The jury returned a verdict of not guilty on the charge of improper transportation of a firearm and a verdict of guilty on the OMVI offense. The ALS was terminated and replaced by a court suspension.
 {¶ 16} A Judgment Entry filed January 22, 2004, formally overruled Appellant's Administrative License Suspension appeal.
 {¶ 17} The Sentencing Entry was originally filed January 20, 2004, but was corrected by an Entry filed on January 27, 2004, to include a fine imposed at the time of sentencing.
 {¶ 18} Appellant now appeals his conviction and the denial of his Administrative License Suspension, assigning the following errors for review:
 ASSIGNMENTS OF ERROR {¶ 19} "I. Trial court erred in finding that there was a legal basis for the initial stop and detention of the appellant and in overruling the appellant's motion to suppress evidence.
 {¶ 20} "II. The trial court erred in finding that there were reasonable grounds to arrest the defendant for omvi and in denying appellant's administrative license suspension appeal."
 I. {¶ 21} Appellant argues that the trial court erred in denying his motion to suppress and in finding that Patrolman Burns had probable cause to arrest appellant. We disagree.
 {¶ 22} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. See: State v. Fanning (1982), 1 Ohio St.3d 19;State v. Klein (1991), 73 Ohio App.3d 486, State v. Guysinger
(1993), 86 Ohio App.3d 592. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. See:State v. Williams (1993), 86 Ohio App.3d 37. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry
(1994), 95 Ohio App.3d 93, 96, State v. Claytor (1993),85 Ohio App.3d 623, 627, 620 N.E.2d 906, 908, and State v. Guysinger
(1993), 86 Ohio App.3d 592, 594. In this case, Appellant is contending that the trial court incorrectly decided the ultimate issue.
 {¶ 23} The law concerning when a traffic stop is constitutionally permissible is abundantly clear. A police officer may conduct a traffic stop, where he "has an articulable reasonable suspicion or probable cause to stop a motorist for any criminal violation, including a minor traffic violation. . . . regardless of the officer's underlying subjective intent or motivation for stopping the vehicle in question." Dayton v.Erickson (1996), 76 Ohio St.3d 3, 11-12, 665 N.E.2d 1091.
 {¶ 24} Appellant argues that Patrolman Burns did not have probable cause to stop and detain Appellant.
 {¶ 25} In support of his argument Appellant cites us toMaumee v. Weisner (1999), 87 Ohio St.3d 295, wherein the Ohio Supreme Court held "where an officer making an investigative stop relies solely upon a dispatch, the state must demonstrate at a suppression hearing that the facts precipitating the dispatch justified a reasonable suspicion of criminal activity."
 {¶ 26} Appellant argues that no evidence was presented by the State at the suppression hearing with regard to what precipitated the dispatch.
 {¶ 27} Although his notice of appeal indicates that a transcript of the proceedings was not needed because a copy of the suppression hearing was already filed with Court, the record reflects, on appeal, that no transcript has been filed or transmitted to this Court. Because appellant's appeal challenges the trial court's ruling on the motion to suppress, a transcript of the suppression hearing is necessary. Thus, the trial transcript is also necessary for a thorough review of the appellant's contentions.
 {¶ 28} An appellant is required to provide a transcript for appellate review. Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199, 400 N.E.2d 384. Such is necessary because an appellant shoulders the burden of demonstrating error by reference to matters within the record. See, State v. Skaggs
(1978), 53 Ohio St.2d 162, 163, 372 N.E.2d 1355.
 {¶ 29} This principle is embodied in App.R. 9(B), which states in relevant part:
 {¶ 30} "At the time of filing the notice of appeal the appellant, in writing, shall order from the reporter a complete transcript or a transcript of the parts of the proceedings not already on file as the appellant considers necessary for inclusion in the record and file a copy of the order with the clerk. * * * If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the weight of the evidence, the appellant shall include in the record a transcript of all evidence relevant to the findings or conclusion." App.R. 9(B); see, also, Streetsborov. Hughes (July 31, 1987), 11th Dist. No. 1741.
 {¶ 31} If a partial record does not conclusively support the trial court's decision, it is presumed that the omitted portion provides the necessary support. Wozniak, 90 Ohio App.3d at 409,629 N.E.2d at 506; In re Adoption of Foster (1985),22 Ohio App.3d 129, 131, 489 N.E.2d 1070, 1072-1073
 {¶ 32} Where portions of the transcript necessary for the resolution of assigned errors are omitted from the record, an appellate court has nothing to pass upon. As appellant cannot demonstrate those errors, the court has no choice but to presume the validity of the lower court's proceedings. State v. Ridgway
(Feb. 1, 1999), 5th District. No. 1998CA00147, citingKnapp, supra. Under the circumstances, a transcript of the proceedings is necessary for a complete review of the errors assigned in appellant's brief. As appellant has failed to provide this court with a transcript, we must presume regularity of the proceedings below and affirm.
 {¶ 33} Appellant's first Assignment of Error is overruled.
 II. {¶ 34} In his second assignment of error, Appellant claims that the trial court erred when it denied appellant's appeal of his administrative license suspension. We disagree.
 {¶ 35} For the same reasons contained in our first assignment of error, we also deny Appellant's second assignment of error.
 {¶ 36} Appellant's second assignment of error is overruled.
 {¶ 37} The decision of the Mount Vernon Municipal Court is affirmed.
Boggins, J. Gwin, P.J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Mount Vernon Municipal Court, Knox County, Ohio, is affirmed. Costs assessed to appellant.